Dear Mayor Nevin:
You have requested our opinion concerning Carroll County's approval of a grading permit for a location within a municipal corporation. Specifically, you asked (i) if a county may approve such a permit without the consent of the municipal government and (ii) if Carroll County's approval of a grading permit for a location in the Town of Hampstead violates State law.
Our opinion is as follows: Where a municipal corporation has consented to application of a county ordinance concerning the issuance of grading permits, there is no requirement in State law that the municipal government give its consent. Moreover, based on the information available to us, there has been no violation of State law in the issuance of the grading permit granted by Carroll County for a location in Hampstead. In addition, we note your attorney's suggestion that the County violated its own law by failing to obtain the approval of the town. While it could reasonably be concluded that the County acted lawfully, we refrain from offering an opinion on this local law question.
 I Background
Based on information supplied to us by the town's attorney, Michelle M. Ostrander, Esquire, it is our understanding that on November 29, 1993, the town's Planning and Zoning Commission approved a site plan for the construction of condominiums on a parcel identified as Plat D, Tract 1 of the Roberts' Field Subdivision, Section 1. On November 28, 1995, the developer applied to the County for a grading permit. As part of the review process, the permit was sent to the town manager for his signature. However, on account of objections relating to inadequate open space, excessive housing density, and the storage of soil on an unauthorized site, the town refused to approve the permit.
After the developer stated that the soil would be stored on his site, the County issued the grading permit. Ms. Ostrander maintains that the County's issuance of the grading permit for the location within the town's boundaries without the consent of the municipal government violates the County's law and established practice.
 II Analysis
Under State law, counties and municipalities are authorized to issue grading and building permits, as authorized by law. However, a permit may not be issued until the developer submits a grading and sediment control plan approved by the appropriate soil conservation district and certifies that all land clearing, construction, and development will be done under the plan. § 4-103(a) of the Environment ("EN") Article, Maryland Code.
Although each county and municipality is required to adopt grading and building ordinances, EN § 4-103(b), the Secretary of Environment has adopted regulations that allow municipalities to adopt the erosion and sediment control ordinance of their respective counties. COMAR 26.09.01.04A. Moreover, State law allows the Secretary to delegate enforcement powers for two-year periods to a county or municipality that is found to be capable of enforcing compliance with the Sediment Control Law. EN § 4-103(e)(2).
Pursuant to State law, Carroll County has adopted a grading and sediment control ordinance, Carroll County Ordinance No. 100. In relevant part, this ordinance provides that a "grading permit shall not be issued without the approval of all reviewing agencies, payment of the applicable fee, and posting of the required bond." Article I, § 3.1C. The term "reviewing agencies" refers to agencies designated by the County's Office of Environmental Services to review plans and permit applications for compliance with federal, State, County and local regulations and guidelines. Article I, § 1.1-30. As allowed by State law, namely EN § 4-103(e), the Department of the Environment renewed a delegation of erosion and sediment enforcement authority for a period ending June 30, 1997.See letter from J. L. Hearn, Director of Water Management Administration to Richard Yates, president of the Board of County Commissioners (December 29, 1994).
Although the Town of Hampstead has generally exempted itself from all County legislation, it has declared that certain County ordinances, including "The Carroll County Grading and Sediment Control Ordinance," apply to the town. Hampstead Code, Ch. 4, Art. III, § 1-18G. As noted, State regulations allow this. See
COMAR 26.09.01.04A.
With respect to your question whether a county can approve a grading permit without the consent of the municipal government where the site is located, there is no requirement of such consent in the State's statutes or regulations. Moreover, based on the information available to us, the issuance of the grading permit for the Roberts' Field site did not violate State law.
However, there is also the question of whether the issuance of this permit without the consent of the Town of Hampstead violated Carroll County Ordinance No. 100, which, by virtue of the town's code, applies to the town. This ordinance clearly requires the approval of "reviewing agencies," which are designated by the County's Office of Environmental Services. Exercising its discretion under the Ordinance, the Office could decide that the town is not a "reviewing agency". However, if, as your counsel has suggested, the County has customarily referred grading permits for locations within the town to town officials for their review and approval and followed this practice by submitting the Roberts' Field permit to the town for review, then, as a "reviewing agency," the town had the right to disapprove the permit under the terms of the Ordinance.
A letter from the county attorney does not deny that the permit was submitted for review but maintains that the only relevant objection concerned the storage of soil on an unauthorized site and that this problem was resolved when the developer agreed to store the soil on his own site, as noted in Ms. Ostrander's letter. See letter from George A. Lahey (August 9, 1996). As the only other objections noted by Ms. Ostrander related to inadequate open space and excessive housing density, a reasonable observer could agree with the county attorney that these were not relevant to the grading permit issue. Nonetheless, we refrain from offering our opinion on this local law issue.
 III Conclusion
In summary, it is our opinion that State law does not require municipal approval of County grading permits for sites within a municipality, and there was no violation of State law when Carroll County issued a grading permit for the Roberts' Field site.
Very truly yours,
 J. Joseph Curran, Jr. Attorney General
 Richard E. Israel Assistant Attorney General
_________________________ Jack Schwartz Chief Counsel Opinions Advice
 *Page 29